HARRIS *v.* GRIFFIN

No. 39806      December 5, 1955      83 So. 2d 765

*B. A. Green,* Mound Bayou; *A. D. Somerville,* Cleveland, for appellant.

*L. Ellis Griffith,* Cleveland, for appellee.

ARRINGTON, J.

The appellee, Grover Griffin, brought suit against Lee Harris in the Justice of the Peace Court of the Third District of Bolivar County, where he recovered judgment in the amount of $197.98. Harris appealed to the circuit court and upon another trial, the appellee again prevailed. From this judgment the appellant appeals to this Court.

Briefly, the facts are as follows: As a result of an automobile collision between the appellee, Grover Griffin, and one Daisy Martin in October 1953 in the Town of Shelby, Mississippi, the appellee sustained property damage to his automobile, and contends that the appellant Harris promised to pay for the damage to his car

if he would release the said Daisy Martin. The declaration alleges in part as follows:

" . . . that Lee Harris came upon the scene of the collision and being a friend of the said Daisy Martin agreed then and there for the consideration of the plaintiff withholding the filing of a law suit for the collection of said amount, orally promise to pay for the aforesaid damage to plaintiff's automobile and did then and there for the stated consideration make the indebtedness his own and verbally promised to pay for the repairs to the said automobile and have plaintiff look solely to him, the defendant, for pay for same; that plaintiff, in reliance on defendant's promise, looked to defendant for payment and has never brought suit against Daisy Martin and has fulfilled his obligation under the agreement. . ."

The testimony of the appellee fully sustained the allegations of the declaration. The city marshall who investigated the accident testified in behalf of appellee in part as follows: That the appellant, Lee Harris, appeared on the scene and interceded for Daisy Martin; that he said, "I will see that everything is taken care of. I asked Mr. Griffin 'is it settled?' He said 'yes' and I tore my ticket up."

The appellant's main defense was the statute of frauds and contends on this appeal that the promise, if made, comes within Section 264 of the Mississippi Code of 1942, which reads as follows: "Certain contracts to be in writing.—An action shall not be brought whereby to charge a defendant or other party: (a) Upon any special promise to answer for the debt or default or miscarriage of another person; . . . . Unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized in writing."

This assignment is well taken, and is controlled by the case of Allen v. Smith and Brand, 160 Miss. 303, 133 So. 599, where the court held that the promise to answer for the debt, default, or miscarriage or another person, for which the other person himself continues liable, is within the statute of frauds. And in the case of Wade, et al v. Long, 168 Miss. 434, 151 So. 564, this Court held that the test whether a promise to answer for another's debt must be in writing to be enforceable is whether the party originally liable for the debt continues liable. Daisy Martin, the driver of the automobile involved in the collision, is still subject to suit. Section 722, Mississippi Code of 1942.

"It has been settled from an early date that the terms 'default or miscarriage' and 'misdoing', used in some of the statutes, include a liability for a tort and are not to be restricted to defaults or miscarriages arising out of contracts." 49 Am. Jur., State of Frauds, Sec. 66, p. 421. See also 37 C.J.S., Sec. 13, p. 521.

We are of the opinion that the oral promise of appellant to pay the damages to appellant's car comes within the statute of frauds. As the appellant did not request a peremptory instruction, we can not give judgment here, therefore, the case must be remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie,* JJ., Concur.